# CLEKIS LAW FIRM, P.A.

### ATTORNEYS AT LAW

Outside Charleston 800-797-LAW1 (5291)



Downtown Office:

**Nicholas J. Clekis** nick@clekis.com
**Jacqueline J. Drescher** jackie@clekis.com
**John T. Gentry** john@clekis.com
**Ryan D. Oxford** ryan@clekis.com
171 Church Street, Suite 160, Charleston, SC
Tel. (843) 720-3737  Fax: (843) 577-0460

www.clekis.com
**MAILING ADDRESS:**
**P.O. Box 1867, Charleston, SC 29402**

North Charleston Office:

**By Appointment Only**
**(No mail at this address)**
2050 Spaulding Drive, Suite 4A
North Charleston, SC 29406
Tel. (843) 569-3004  Fax: (843) 577-0460

July 21, 2020

***Via United States Mail, Certified Restricted Delivery, Return Receipt Requested***:
***7019-1640-0001-1140-2522***
Lacey Croegaert, Clerk to Council
Anderson County Council
101 S. Main Street
Anderson, SC 29624

|  |  |
|---|---|
| ***Re:*** | ***Notice of Appeal, Petition for Pre-Litigation Mediation, and Jury Demand for Certain Causes of Action re: Townes at Copper Hill Denial*** |
| ***Case No.:*** | ***2020-CP-04-01345*** |

Mr. Croegaert,

Please find enclosed the above-referenced pleading filed with the Anderson County Court of Common Pleas on July 16, 2020.

Please be aware that the Anderson County Planning Commission, a subdivision of Anderson County, is required to file a response regarding certain causes of action included in the pleadings attached herewith.

Thank you.

Respectfully,
CLEKIS LAW FIRM, P.A.

John T. Gentry, III, Esq.

JTG/

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ANDERSON ) | TENTH JUDICIAL CIRCUIT |

JOSEPH M. BEESON, JOSEPH A.C.                )
BEESON, BEESON DEVELOPMENT,            )
LLC, AND J AND E HOLDINGS, LLC,            )

)            **SUMMONS**

Plaintiffs,            )

vs.            )

)

ANDERSON COUNTY PLANNING            )
COMMISSION,            )

)

Defendant.            )

_____)

## TO THE DEFENDANT ABOVE NAMED:

**YOU ARE HEREBY** summoned and required to answer the Notice of Appeal as well as the

Causes of Action alleged in this action, of which a copy is herewith served upon you, and to

serve a copy of your response on the subscribers at their offices, P.O. Box 1867, Charleston,

South Carolina 29402, within thirty (30) days after the service hereof, exclusive of the day of

such service.

Respectfully submitted,
CLEKIS LAW FIRM, P.A.

*s/John T. Gentry, III*
John T. Gentry, III, Esq.
S.C. Bar No. 101527
Post Office Box 1867 (29402)
171 Church Street, Suite 160
Charleston, South Carolina 29401
T* 843.720.3737
F* 843. 577.0460
john@clekis.com
July 16, 2020            **ATTORNEY FOR PLAINTIFFS**

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF ANDERSON | ) | TENTH JUDICIAL CIRCUIT |
| | | |
| JOSEPH M. BEESON, JOSEPH A.C. | ) | |
| BEESON, BEESON DEVELOPMENT, | ) | |
| LLC, AND J AND E HOLDINGS, LLC, | ) | |
| , | ) | **NOTICE OF APPEAL, PETITION** |
| Plaintiffs, | ) | **FOR PRE-LITIGATION** |
| vs. | ) | **MEDIATION, AND JURY DEMAND** |
| | ) | **FOR CERTAIN CAUSES OF ACTION** |
| ANDERSON COUNTY PLANNING | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs, by and through undersigned counsel, and in accordance with S.C. Code §§ 6-29-1150(D)(2) and 6-29-1155 submit this Notice of Appeal and Petition for Pre-Litigation Mediation pertaining to the Anderson County Planning Commission's decision to deny Plaintiffs' preliminary plat application, the denial of which was sent to Plaintiffs on June 16, 2020. Further based on the grounds enumerated herein, Plaintiffs allege certain causes of action against Defendant triable by a jury, and accordingly request a jury trial on said causes of action:

## PARTIES

1.     Plaintiff Beeson Development, LLC is a limited liability company organized and existing under the South Carolina Limited Liability Company Act. Beeson Development is a real estate development company specializing in the development of residential properties, primarily subdivisions. Beeson Development, LLC has historically developed properties in Anderson, Pickens, and Greenville Counties in the state of South Carolina.

2.     Plaintiff Joseph M. Beeson (herein "Plaintiff J.M Beeson" or collectively referred to as "Plaintiffs") is a citizen, resident, and domiciliary of the County of Greenville, State of South

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

Carolina. At all times relevant to the events described herein, Plaintiff J.M. Beeson was the applicant and authorized representative of Plaintiff Beeson Development with respect to the Townhomes at Copper Hill preliminary plat.

3.    Plaintiff Joseph A.C. Beeson (herein "J.A. Beeson" or collectively referred to as "Plaintiffs") is a citizen, resident, and domiciliary of the County of Greenville, State of South Carolina. At all times relevant to the events described herein, Plaintiff J.A. Beeson was the applicant and owner of Plaintiffs Beeson Development, LLC.

4.    Plaintiff J and E Holdings, LLC (herein collectively referred to as "Plaintiffs") is a South Carolina Limited Liability Company with its principal place of business in Greenville County, South Carolina.

5.    Plaintiff Beeson Development, LLC is the recorded owner of multiple tracts of real estate adjacent to Barr Circle (herein for convenience referred to as the "Barr Circle land").

6.    Defendant Anderson County Planning Commission is an appointed local planning commission as defined in South Carolina Code Ann. § 6-29-310, also known as the South Carolina Local Government Comprehensive Planning Enabling Act of 1994 ("CPA") and was created pursuant to legislation.

7.    This Court has jurisdiction over the parties and subject matter of this appeal pursuant to S.C. Code Ann. § 6-29-1150(D)(4) and Anderson County Code of Ordinances ("ACC"), Chapter 389, Article III, Division 9, Section 38-413.

8.    At all times herein, the term "Plaintiffs" refers to the Plaintiffs directly, as well as the Plaintiffs' authorized agents and professional representatives.

## **BACKGROUND**

3

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

9.     Plaintiffs are informed and do believe that the County of Anderson passed ACC Section 38-312 in 2003 for the purpose of complying with the South Carolina Local Government Comprehensive Planning Enabling Act of 1994, codified generally in S.C. Code Sections 6-29-310 through 6-29-1640, which, *inter alia*, requires counties and other local governments to adopt specific procedures for the submission, approval, or disapproval by the planning commission or designated staff of proposed land development.

10.    Further pursuant to the Comprehensive Planning Enabling Act, counties and local governments are required to adopt a Comprehensive Plan on which they base these decisions. This plan must include several elements to promote public health, safety, economy, good order, appearance, convenience, morals, and general welfare of the county or local government. Plaintiffs are informed and do believe that the Defendant adopted their most recent Comprehensive Plan on or around 2016.

11.    Further pursuant to the Comprehensive Planning Enabling Act, counties and local governments are required to promote "the harmonious, orderly, and progressive development of land" S.C. Code Section 6-29-1120, and to "assure, in general, the wise and *timely development of new areas . . . in harmony with the comprehensive plans of municipalities and counties*" S.C. Code Section 6-29-1120(5) (Emphasis supplied). In effect, the county planning commissions of South Carolina, including but not limited to the Defendant, are required to enact and follow their respective Comprehensive Plans, which act as a roadmap to promote public health, safety, convenience, prosperity, and the general welfare, while also giving a blueprint to potential developers on how to conform to the plan and promote progressive and timely development.

12.    Further pursuant to the Constitution of the United States of America, 28 U.S.C. Section 1983, the South Carolina Constitution, and the Comprehensive Planning and Enabling Act, a

4

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

county planning commission such as the Defendant, which finds a proposal to be in conflict with its comprehensive plan, "shall *transmit its findings and the particulars of the nonconformity to the entity proposing the facility*" pursuant to S.C. Code Section 6-29-540 (emphasis supplied). The findings and particulars should give the applicant notice of how and why the proposed plat is nonconforming, so that the applicant landowner or interested party will have a chance to correct any nonconformities in the spirit of continued progressive development of land.

13.     Moreover, while examining and voting on a preliminary plat application that complies with its Comprehensive Plan and has been recommended for approval by its staff, a planning commission may not violate an applicant's right to procedural and/or substantive due process, nor commit an error of law, nor act capriciously or arbitrarily by denying a development plat without evidence or reasonable basis.

## *Townes at Copper Hill*

14.     On April 1, 2020, Plaintiffs submitted a preliminary plat and subdivision plat application for a preliminary subdivision known as "Townes at Copper Hill" ("Copper Hill"), on the Barr Circle land, to Anderson County Subdivision Administrator Tim Cartee.[1]

15.     Plaintiff's Barr Circle land is located on un-zoned and unincorporated land in the northeast portion of Anderson County commonly referred to as Powdersville.

16.     The Copper Hill project consisted of 92 residential townhome units each provided with two parking spaces as required by the ACC. One parking space was provided by utilizing each

---

[1] On April 2, 2020, Defendants provided Plaintiffs with a receipt acknowledging receipt of Plaintiffs' preliminary plat, subdivision plat application and check totaling $1,270.00 for submittal fees but incorrectly posted the date Plaintiffs' payment was received by Defendant as being April 2, 2020 rather than April 1, 2020, the actual date Plaintiff submitted payment. See Receipt for Copper Hill Submittal attached as Exhibit A.

5

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

townhome unit's garage. The second parking space was provided by utilizing each townhome unit's driveway.

17.    Prior to Plaintiffs submitting their preliminary plat application, Plaintiffs worked with the Anderson County Development Standards Department, Anderson County Planning and Community Development Department and the Anderson County Subdivision Administrator to ensure their preliminary plat fulfilled all of the requirements of the Anderson County Code of Ordinances, Chapter 38, Article III, Division 3, Section 38-312.

18.    Further prior to Plaintiffs submitting their preliminary plat applications, Plaintiff worked with the Anderson County Development Standards Department and the Anderson County Subdivision Administrator to ensure their preliminary plat complied and keeping with the 2016 Anderson County Comprehensive Plan.

19.    Prior to March 27, 2020, Plaintiffs' civil engineer, Wesley White, P.E., discussed the Plaintiffs' proposed parking layout with Anderson County Subdivision Administrator Tim Cartee to confirm that it was in accordance with the ACC. Cartee provided White with his interpretation of the ACC which was that Plaintiff's parking layout did comply with the ACC.

20.    On March 27, 2020, at 11:57 AM, White emailed Cartee to reconfirm that Plaintiffs' proposed parking layout complied with the ACC. White stated:

> Tim,
>
> Just confirming that the planning commission submittal is still due this coming Thursday, April 2nd. And based on our conversation, we are going to finish our layout using a single car garage and the driveway to meet the required 2 parking spaces per lot requirement and will note this on our preliminary plat.
>
> Thanks,
> Wesley

6

21.    Cartee responded to White's email less than an hour later on March 27, 2020, at 12:12 PM, and provided White with information that was consistent with Cartee's previous interpretation which was that Plaintiffs' proposed parking layout complied with the ACC. Cartee responded to White's email and stated:

> April 1, 2020 Deadline for submittals and yes on the parking.
>
> Thanks,
> Tim Cartee

22.    Plaintiffs submitted the Copper Hill preliminary plat on April 1, 2020 based on Subdivision Administrator Tim Cartee's directives and interpretation of the ACC as provided to Plaintiffs. Plaintiffs' reasoning for requesting staff's interpretation regarding the parking layout in advance of the April 1, 2020 submittal deadline was to provide Plaintiffs adequate time to make changes to the preliminary plat in the event they were required by staff.

23.    Plaintiff submitted the Copper Hill preliminary plat for staff interpretation further due to ACC § 38-68, which states that "all matters of interpretation shall be decided by the development standards manager, except where the planning commission is called upon to do so."

24.    After Plaintiffs submitted the preliminary plat for Copper Hill, one or more of the Defendant's agents then told Plaintiff that the parking layout was no longer acceptable without a variance.

25.    When Plaintiffs' civil engineer, Wesley White P.E., questioned Subdivision Administrator Tim Cartee about Defendants' abrupt change in their interpretation of the ACC, Cartee indicated that Plaintiff would have to go through "proper channels." Cartee wrote in an email dated April 20, 2020, "Wesley, please forward all questions through the proper channels. Mr. [Anderson County Deputy Administrator Holt] Hopkins will direct his staff." Plaintiffs are informed and do believe Cartee's directions violated S.C. Code § 30-4-50(A)(4) and (5) which provides that

7

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

statements of policy and interpretations of policy, statute, and the Constitution which have been adopted by the public body; and written planning policies and goals and final planning decisions are declared public information. Plaintiffs are further informed and do believe that Cartee's directions were retaliatory based on a prior lawsuit that Plaintiffs filed against parties including, but not limited to, Anderson County and the current Defendant. Plaintiffs are further informed and do believe that these directions were in violation of the governing law, abusive, and discriminatory by prohibiting Plaintiffs from communicating with directly with the Defendant's staff.

26. The Defendant's refusal to allow the Plaintiff to utilize communication channels available to the general public and all other applicants further placed Plaintiffs at a clear disadvantage as a result of Defendants being forced to adhere to arbitrary and capricious policies created to target the Plaintiff.

27. Despite the additional requirements Defendants exclusively placed on Plaintiffs and Defendant's conflicting ACC interpretations provided to Plaintiffs, Plaintiffs cooperated and modified the parking layout on the preliminary plat to satisfy Defendant's latest interpretation of Defendant's adopted ordinance.

28. The Defendant's "Development Standards and Planning and Community Development Meeting Schedule" (herein "Community Development Meeting Schedule") provides "strict deadlines" for application and preliminary plat submittals. See 2020 Development Standards and Planning and Community Development Meeting Schedule attached as Exhibit B.

29. The deadlines set by the Defendant's Community Development Schedule directly contradicts ACC § 38-311(a) which states that, "Two copies of the complete preliminary plat shall be turned in to the planning department at least 14 working days, but not greater than 20 days,

8

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

prior to any planning commission meeting at which the subdivider would like the plat to be discussed." Id.

30.    Despite the ACC providing a window of acceptable submittal dates using clear language, Defendant refused to accept Plaintiff's Copper Hill preliminary plat unless it adhered to Defendant's schedule of deadlines which conflict with ACC § 38-311(a) and therefore made it impossible for Plaintiff to comply with ACC § 38-311(a).

31.    Further, the Copper Hill subdivision application, as well as all of Plaintiffs' previously submitted subdivision applications and preliminary plats for the Barr Circle land as well as all of Plaintiffs' other proposed residential subdivisions on other parcels of land in the years 2017, 2018, 2019 and 2020, violated ACC § 38-311(a) as a result of Defendant's refusal to accept Plaintiff's submittals in accordance with ACC § 38-311(a).

32.    The 'South Carolina Local Government Comprehensive Planning Enabling Act of 1994' ("CPA") sets out the statutory authority for counties and municipalities in South Carolina to plan for, enable and regulate growth within their jurisdiction. The CPA prevents local authorities from creating open-ended policies without sufficient legal parameters. S.C. Code § 6-29-1150(A) states:

> Failure of the designated authority to act within sixty days of the receipt of development plans or subdivision plats with all documentation required by the land development regulations is considered to constitute approval, and the developer must be issued a letter of approval and authorization to proceed based on the plans or plats and supporting documentation presented. The sixty-day time limit may be extended by mutual agreement.

33.    Defendant failed to act on Plaintiffs' submitted preliminary plat on or before May 31, 2020, sixty ("60") days following the receipt of Plaintiffs submitted application and plans. Plaintiffs further did not enter into a mutual agreement to extend the 60-day time limit. Despite the CPA's clear language stating Plaintiff **"must be issued a letter of approval and authorization to**

9

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

**proceed"** by Defendant, Defendant violated S.C. Code § 6-29-1150(A) by refusing to issue Plaintiffs a letter of approval and authorization to proceed to Plaintiffs.

34. Under the plain meaning rule, it is not the province of the court to change the meaning of a clear and unambiguous statute. Where the statute language is plain, unambiguous, and conveys a clear, definite meaning, the rules of statutory interpretation are not necessary and the court has no right to impose another meaning. S.C. Energy Users Comm. v. S.C. Pub. Serv. Comm'n, 388 S.C. 486, 491, 697 S.E.2d 587, 590 (2010) (citation omitted). Further, "[t]he intention of the legislature must be gleaned from the entire section and not simply clauses taken out of context." Singletary v. S.C. Dep't of Educ., 316 S.C. 153, 162, 447 S.E.2d 231, 236 (Ct. App. 1994).

35. A statute "must be read as a whole and sections [that] are part of the same general statutory law must be construed together and each one given effect." CFRE, LLC v. Greenville Cty. Assessor, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) (quoting S.C. State Ports Auth. v. Jasper County, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006)). "We therefore should not concentrate on isolated phrases within the statute." Id. "Instead, we read the statute as a whole and in a manner consonant and in harmony with its purpose." Id. "In that vein, we must read the statute so 'that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous,' for '[t]he General Assembly obviously intended [the statute] to have some efficacy, or the legislature would not have enacted it into law.'" Id. (citation omitted) (alterations in original) (quoting State v. Sweat, 379 S.C. 367, 377, 382, 665 S.E.2d 645, 651, 654 (Ct. App. 2008)).

36. The plain language of S.C. Code § 6-29-1150(A) is unambiguous, conveys a clear, definite meaning and adds emphasis through the intentional use of the word "must" rather than "may." "Time limits, not to exceed sixty days, **must** be set forth for action on plans or plats, or both, submitted for approval or disapproval. Failure of the designated authority to act within sixty days

10

of the receipt of development plans or subdivision plats with all documentation required by the land development regulations is considered to constitute approval, and the developer **must** be issued a letter of approval and authorization to proceed based on the plans or plats and supporting documentation presented."

37. In contrast to the legislature's use of the word "**must**" in S.C. Code § 6-29-1150(A), S.C. Code § 6-29-1150 (D) intentionally uses the word "**may**" to emphasize that a party "**may**" appeal a decision of the planning commission but it "**must**" be taken to the circuit court within thirty days after actual notice of the decision. "The cardinal rule of statutory construction is that we are to ascertain and effectuate the actual intent of the legislature." Burns v. State Farm Mut. Auto. Ins. Co., 297 S.C. 520, 522, 377 S.E.2d 569, 570 (1989). "In interpreting a statute, the court will give words their plain and ordinary meaning[] and will not resort to forced construction that would limit or expand the statute." State v. Johnson, 396 S.C. 182, 188, 720 S.E.2d 516, 520 (Ct. App. 2011).

38. Rather than issue Plaintiffs a letter of approval and authorization to proceed as the state legislature states it **must** do, Defendant instead placed Plaintiffs' Copper Hill project on the June 9, 2020 Anderson County Planning Commission agenda, more than sixty-eight (68) days from the date Plaintiffs' application was submitted.

39. At the June 9, 2020 Anderson County Planning Commission meeting Anderson County staff presented their report and written recommendation of approval for Plaintiffs' preliminary plat to the Planning Commission. Staff's presentation at the meeting as well as the June 9, 2020 planning commission agenda packet provided to the public prior to the meeting falsely stated that Plaintiff submitted its subdivision application on April 2, 2020 rather than April 1, 2020.

11

40.     As indicated by the meeting minutes of the June 9, 2020 Planning Commission Meeting, see attached as Exhibit C, Defendant's staff gave a recommendation for approval for the Copper Hill preliminary plat.

41.     As further indicated by the meeting minutes of the June 9, 2020 Planning Commission Meeting, the Defendant's Commissioner Jane Jones "made a motion to deny the request as recommended by staff" while stating five sentences previously that "Tim Cartee presented the staff report for Townehomes at Copper Hill and *stated that staff's recommendation was for approval*." (emphasis supplied). Accordingly, the minutes recorded by Defendant were done so in an erroneous, contradictory, and deceptive manner to make it appear that the Copper Hill preliminary plat was opposed by the Defendant's staff, when it in fact *was recommended* by the staff based on findings that it complied with the Anderson County Code and the Comprehensive Plan.

42.     On or around June 16, 2020, the Defendant's staff mailed a letter to the Plaintiffs notifying the Plaintiffs of the Defendant's decision to deny the Copper Hill preliminary plat. See denial letter attached as Exhibit D.

43.     As grounds for the denial, Defendant cited "1.) concerns for the public health, safety, convenience, prosperity, and the general welfare; 2.) concerns for the balance of the interests of subdividers, homeowners, and the public, and 3.) concerns for the ability of existing or planned infrastructure and transportation systems to serve the proposed development." Id.

44.     Defendants further cited these grounds despite its staff's findings that the Copper Hill preliminary plat complied with all aspects of the 2016 Anderson County Comprehensive Plan and applicable Anderson County Code provisions.

45.     Moreover, it must be noted that the language used as grounds for the Copper Hill denial are taken from the South Carolina Local Government Comprehensive Planning Enabling Act of

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

1994. Specifically, S.C. Code § 6-29-340 confers a duty on the Defendant to create "plans and programs . . . to promote public health, safety, morals, convenience, prosperity or the general welfare . . ." This clearly references the 2016 Anderson County Comprehensive Plan and its parameters, which the Defendant's staff had already determined Copper Hill fell well within the bounds of as required by law.

46.    Plaintiffs are informed and do believe that no evidence was presented to, sought out, nor possessed by the Defendant Planning Commission on which to base their conclusion that the Copper Hill preliminary plat was averse to the public health, safety, convenience, prosperity, and the general welfare.

47.    Plaintiffs are further informed and do believe that no evidence was presented to, sought out, nor possessed by the Defendant Planning Commission on which to base their conclusion that the Copper Hill preliminary plat was averse to the balance of interests of subdividers, homeowners, and the public.

48.    Plaintiffs are further informed and do believe that no evidence was presented to, sought out, nor possessed by the Defendant Planning Commission on which to base their conclusion that the Copper Hill preliminary plat was averse to the ability of existing or planned infrastructure and transportation systems to serve the proposed development. Plaintiffs would further state that no evidence existed of these conclusions due to the fact that a substantially larger 288 unit apartment complex, Vantage at Powdersville ("Vantage"), had been approved directly adjacent to the Barr Circle land but accessed a county road with a lower classification (minor-local) than that of Barr Circle (major-local). Defendant Commission approved Vantage despite Vantage not submitting a professional traffic impact study and despite Vantage's expected traffic almost doubling the peak hour trips triggering a required TIS. Further, Defendant Commission approved the "large-scale

13

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

project" known as Vantage to allow Vantage's sole fire access to access county minor-local road Robbins Drive despite ACC § 38-182(3) explicitly stating that "such projects shall not be permitted access to a minor local road." Additionally, prior to Defendant Commission's denial of the Copper Hill project, Defendant Commission voted unanimously to increase the classification of Barr Circle from a minor-local road to a major-local road by unanimously approving Ordinance #2015-004.

49. Nevertheless, Plaintiffs are informed and do believe that Defendant also relied on an unconstitutionally overbroad and vague Code Section located in ACC § 38-410, which states "In interpreting the subdivision regulations contained herein, such regulations shall be considered as minimum provisions for the protection of the health, safety and welfare of the general public."

50.    In effect, ACC § 38-410 gives the Defendant unlimited power to deny a preliminary plat application without giving any notice, procedural due process, or substantive due process to the potential developer, landowner, or other interested party, and acts as a rubber stamp for the Defendant to deny preliminary plats outside of their discretion defined by the parameters of South Carolina law, as well as without any evidence, with errors of governing law, and with capricious and arbitrary vigor.

51.    Upon further information and belief, the Defendant offers no further descriptions of procedures, regulations, requirements, or guidance on what other requirements in addition to compliance with the 2016 Comprehensive Plan and South Carolina Code Sections, or Anderson County Code Sections are required, and potential interested parties, including the Plaintiffs, are left to endlessly guess what requirements are necessary in order to submit a plat application in keeping with ACC § 38-410.

14

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

52.    Moreover, Defendant's code section 38-410, as well as ACC § 38-311 (b)(1) directly contradict S.C. Code § 6-29-540, which states that, "in the event the planning commission finds the proposal to be in conflict with the comprehensive plan, the commission *shall transmit its findings and the particulars of the nonconformity to the entity proposing the facility*." Id.

53.    The Defendant's boiler plate grounds for denial ignore the actual intent of S.C. Code § 6-29-1150(B) which is to serve as a mechanism for transparency and accountability to allow actions by the planning commission to be scrutinized. During prior instances described herein, Anderson County Road and Bridges Engineer Bill Rutledge had informed vice chair Jane Jones in specific detail definitive findings of fact that the traffic impact was acceptable.

54.    The Defendant's avoidance of accountability is well documented. In fact, the Defendants maintained an illicit policy for over a quarter century of refusing to provide any grounds for their denial of preliminary plats. By way of example, Plaintiffs' April 1, 2020 submittal of Copper Hill followed two previous unsuccessful submissions for a residential subdivision, known as Chimney Hill Townhomes ("Chimney Hill TH"), on the same Barr Circle land owned by the Plaintiffs.

### *Previous Denials*

### *Chimney Hills Townhomes*

55.    On May 11, 2017, Plaintiffs submitted a subdivision application, preliminary plat, and traffic impact study ("TIS") to the Defendant for approval. As with Plaintiff's Copper Hill subdivision, Defendant forced Plaintiffs to adhere to a contradictory schedule of deadlines that violated ACC § 38-311(a) and required Plaintiffs to submit their Chimney Hill TH subdivision application, preliminary plat, and TIS thirteen ("13") days early.

56.    For the Chimney Hill TH, Plaintiffs entered into land purchase agreements with at least five

15

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

property owners, two of which (Mark Golden and Susan Aiken) were contacted by vice chair Jones. Based on recorded conversations, Jones asked both property owners not to sell their land to Plaintiffs. Plaintiffs had purchased all of these parcels consisting of approximately 30 acres.

57. At the June 13, 2017 Anderson County Planning Commission meeting Anderson County staff presented their report and written recommendation of approval for Plaintiffs' Chimney Hill TH preliminary plat to the Planning Commission. The Defendant, despite a recommendation of approval from its staff, voted to deny the preliminary plat and refused to provide their grounds for denial.

58. As a result of Defendant's failure to provide Plaintiffs with the grounds for the denial of the Chimney Hill TH preliminary plat, Plaintiff was unable to address any identified issues that resulted in the Defendant's denial. Consequently, Plaintiffs were forced to resubmit an identical subdivision application, preliminary plat, and TIS for the Chimney Hill TH subdivision in hopes that the Defendant would comply with S.C. Code § 6-29-1150(B) should they again deny the preliminary plat.

59. As with all of Plaintiff's submitted preliminary plats, Defendant forced Plaintiffs to adhere to a contradictory schedule of deadlines that violated ACC § 38-311(a).

60. Also, as with Plaintiff's Copper Hill subdivision, Defendant failed to take action on Plaintiffs' submitted preliminary plat within the statutory sixty ("60") days and violated S.C. Code § 6-29-1150(A) by refusing to issue Plaintiff a letter of approval and authorization to proceed to Plaintiff.

61. The Defendant then placed the already approved Chimney Hill TH preliminary plat on the September 12, 2017 planning commission agenda for the planning commission to take action on the preliminary plat without the authority to do so. Despite staff's second recommendation of

16

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

approval, Defendant once again voted to deny the preliminary plat and again refused to provide

their grounds for denial in violation of S.C. Code § 6-29-1150(B).

62. Immediately following the conclusion of the September 12, 2017 planning commission

meeting, Plaintiffs questioned Anderson County Planning Director Michael Forman in a recorded

conversation at the Anderson County Courthouse about the planning commission's refusal to

provide the grounds for their denial. During the conversation, Forman repeatedly denied the

Defendant's had any lawful obligation to provide the Plaintiff's with the grounds for their actions

on preliminary plats submitted for approval. Forman stated:

> "As far as the ordinance is concerned, planning commission through staff, through Alesia [Alesia Hunter, Anderson County Development Standards Director] is only required to provide a letter of rejection not required to state reasons for that rejection. So as long as you receive that letter, staff Alesia has satisfied the ordinance."
>
> ...
>
> "I can't speak for what they [Planning Commission] told you I can only speak for what is black and white in the ordinance and that's what Alesia was following when she sent you that letter."
>
> ...
>
> "You asked him [Anderson County Planning Commission Chairman David Cothran] point blank, "can you tell me what those reasons [for denial] were?" And my recollection was that he said staff will tell you or something along those lines.
>
> ...
>
> "That "he could only abide by the rules and if Hopkins decided on another way it was out of his control."
>
> ...
>
> "I will look into that further, but I can only tell you what we have in our ordinance as it stands right now. I would like to get you guys some answers because for Gods sakes this thing is getting dragged out beyond belief."
>
> ...
>
> "I don't want to see you guys dragged out any further either. We, [Anderson County] staff recommended approval on this thing and both of these projects [Chimney Hill TH and Yorkshire Farms[2]] are

---

[2] Yorkshire Farms was the name of a single-family subdivision submitted by Plaintiffs on June 8, 2017. Defendants failed to take action on the preliminary plat within sixty days and refused to issue Plaintiffs with a letter of approval and authorization to proceed. Additionally, Defendants placed the preliminary plat on

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

> doing what we're talking about in the NECAP [North East County Area Plan] plan. We're fighting the same fight here, but you have to understand where I am coming from in all of this. I am separate from that. I have been told, I have been requested by our Deputy Administrator [Anderson County Deputy Administrator Holt Hopkins] to stay out of it and he will handle it."

63. During a recorded conversation between Plaintiffs and Forman discussing the planning commission's arbitrary decision making, Forman stated, "None of them [Planning Commissioners] are really qualified to take a serious look at these issues."

64. During a recorded conversation between Plaintiffs and Forman, Plaintiffs questioned Forman about the arbitrary and capricious traffic related decisions made by the Planning Commission that contradicted the recommendations of the traffic engineers from the Anderson County Roads and Bridges department ("R&B") and the South Carolina Department of Transportation ("SCDOT"). Forman indicated that the problem was in the planning commission's lack of qualifications. Forman stated:

> "That's [PC's qualifications] a problem we've had for years. It's sort of manifesting in this project specifically. You know the Planning – and, you know, it's Planning Commissions everywhere. None of them are really qualified . . . to take a serious look at these issues."

65. During a recorded conversation with Nick Rebovich, SC-DOT Engineer, Rebovich agreed with Plaintiffs that the problem was corruption and that the Planning Commission was not properly trained to make mainline development decisions for a county that does not have zoning. Rebovich

---

the Planning Commission agenda and took action to deny the already approved preliminary plat without the authority to do so. Additionally, Defendants refused to provide Plaintiffs with their grounds for denial.

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

stated, "You've got a bunch of non-engineers that are making, you know, mainline development decisions for a county that doesn't have zoning."

66. At the recorded September 12, 2017 planning commission meeting during the Defendant's discussion of Plaintiffs' Chimney Hill TH preliminary plat Chairman Cothran indicated his inability to locate the proposed development on a map. During the same discussion but while discussing traffic specifically, Cothran indicated that the planning commission was not qualified to make such decisions. Cothran stated, "Common sense - I can look at a road but I have no qualification to say that this road capacity is this or that."

67. Also in a recorded conversation between Plaintiffs and Forman, Plaintiffs stated, "It's just my opinion – if there's traffic decisions they should be made by DOT [South Carolina Department of Transportation] or Roads and Bridges [Anderson County Roads and Bridges Department]. You don't go to a doctor that has not been to medical school." Forman replied by stating, "It's an inherent weakness that every jurisdiction faces you and you know Greenville is the same way the Planning Commission can barely read a book let alone figure out what planning is."

68. After Forman indicated to Plaintiffs that he was given instructions by Hopkins to "stay out of it and he will handle it," Plaintiffs questioned Hopkins about the planning commission's decision making process and refusal to provide grounds. Hopkins stated in a recorded conversation, "The rules are in their [Planning Commission] favor for them to do whatever they want." Hopkins then stated in a recorded conversation, "Is it the right thing to do? We don't know."

69. Hopkins also stated in a recorded conversation:

> I think the law is in their [Planning Commission] favor though. If for any reason that they feel like it's in the public interest to turn down or accept anything. They have the authority by state law to do that for whatever reason they just determine."
> ...

19

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

> I think they're the rule is that they [Planning Commission] can do it [take action] based on all the evidence in the world are no evidence. They can make a decision and that's their authority. They have more Authority than any other committee or commission that the county has because it's all in state law giving them that that authority the only way you can trump them is by getting a new appointee to the commission and I don't – they can't even remove somebody from the commission until the terms over? Right?

70. In a recorded conversation between Plaintiffs and Hopkins, Plaintiffs asked Hopkins why the

Defendants denied Plaintiff's preliminary plats. Hopkins stated:

> You know the answer to that, its politics.
>
> ...
> Every vote they've [Planning Commission] taken in regards to Powdersville is emotional.

### *Chimney Hill (Single Family)*

71. The Copper Hill denial also followed two previous unsuccessful submissions for a single

family residential subdivision, also known as Chimney Hill ("Chimney Hill SF"), on the same

property owned by Plaintiffs.

72. Mark III Properties ("Mark III") submitted an application and preliminary plat to Anderson

County for approval for a proposed 77-unit single family subdivision.

73. Based on the Anderson County Code and the 2016 Anderson County Comprehensive Plan,

Mark III's preliminary plat and application for Chimney Hill SF should have been approved

by the Defendant.

74. At the October 9, 2018 meeting where Chimney Hill SF was considered, Planning

Commissioner Jane Jones made statements that were both unconnected and erroneous. By way

of example, Jones falsely referred to Mark III's project as being the same as Beeson's Chimney

Hill project. Jones further indicated that Plaintiffs' Barr Circle land should be reserved until

such time as Powdersville becomes an incorporated town. Jones stated:

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

> We don't have any zoning in Powdersville, we don't have that
> binding document, but the land use map [Future Land Use Map
> found in Anderson County's adopted Comprehensive Plan] is
> something that is created by the planning department and with input
> from the community. Its determined what's the best use for certain
> types of land in a area and this particular spot is on the land use map
> is commercial. Something we haven't talked about in relationship to
> Powdersville is someday that's probably going to be a town,
> someday.
>
> ...
>
> It's nowhere near ready now because we don't have the commercial
> tax base. You have to have a lot of money there in taxes to support
> services of a town and we don't have that but the problem is along
> 153 needs to be reserved for commercial property. This is not a
> residential, not a good place to put residences. This is not Greenville
> houses. The more traffic you have, the more noise you have, the
> more...
>
> ...
>
> This is not an appropriate place for a residential subdivision. We
> need... if we don't reserve some of this land on Highway 153 for
> commercial development, were never going to have this commercial
> tax basis we need and you people who don't live in Powdersville,
> 153 is being extended into Dacusville so were going to get some
> more traffic. So my point is we need to look at this land use map and
> plan how we want our community to look. Do we want houses down
> the highway? Where are we going to put our businesses to service
> these families?

75. The Defendant denied approval of Chimney Hill SF.

76. The Defendant did not provide any valid reason for denial. The County provided Mark III with the Defendant's alleged grounds for denial stating, "This proposed residential development is not a suitable location based upon the Comprehensive Plan and current Land Use Map for development."

77. As submitted, Mark III's plan was in compliance with both the County's Comprehensive Plan and Future Land Use Map.

78. At the following planning commission meeting on November 13, 2018, Plaintiff indicated to the Commission that neither the Current nor Future Land Use maps in the County's adopted

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

Comprehensive Plan identify the Chimney Hill SF property as being for commercial use. Jones

responded to Plaintiff by stating, "I have a copy that shows it as commercial." The dialogue

between Jones, Chairman Cothran and Plaintiff went as follows:

J.M Beeson:   To the best of my knowledge this is the first time the Planning Commission has upheld its obligation to provide the grounds for their denial as required by South Carolina Code. The Planning Commission's stated grounds for denial for the project [Chimney Hill SF] was that it is not a suitable location based on the Comprehensive Plan and the land use map for development. Mrs. Jones, you spoke... you stated, "that the land use map is something that is created by the planning department with input from the community and determines what is the best use for a certain type of land in an area and this particular spot on the land use map is commercial." Neither the current land use map nor the future land use map identify the Chimney Hill property as being commercial, as Mrs. Jones, you stated, and was the grounds for denial. I have copies of both maps [current and future land use maps in the Comprehensive Plan].

Jones:   So do I.

J.M Beeson:   Mam?

Jones:   I have a copy that shows it as commercial.

J.M Beeson:   No mam, that map... [Cothran interrupts]

Cothran:   Lets just... lets just let this be.

J.M Beeson:   The point is that map [Jones' map] doesn't exist and it seems odd that the very first-time grounds [for denial] were provided... I have a copy of the map [adopted future land use map] if you [Jones] would like to review it. Would that be possible right now Mrs. Jones? [pause] I have actually over layed the location of the project [Chimney Hill SF] so it easy to identify, it just seems very odd that something so obvious could be...

[J.M Beeson presents to the Planning Commission a
large copy of the County's adopted future land use
map from its Comprehensive Plan]Beeson's son: I
just wonder if y'all [Planning Commission] have any
comments as to… Is there another map [land use]
that exists, that y'all possibly were referencing? Or
is there any explanation as to why [Planning Director
Parkay interrupts Beeson's son]

Planning Director Parkay:

Time Mr. Chair [Cothran].

Cothran:      Alright. That's time Mr. Beeson. If you would like
             to… I would be more than happy to look at anything
             you want. You can send that to staff, and they can put
             it together and send that to us [Planning
             Commission].

J.M Beeson: I would rather y'all use the map [adopted land use
             map(s)] that came from y'all.

Cothran:      I am referring to whatever argument you wish to put
             forward.

J.M Beeson:  My argument is simply, y'alls grounds for denying
             the project was that it was for commercial use and
             y'alls plan that you put together shows it as being for
             residential use. I can't prove my point any more than
             that.

Cothran:      I can't… we'll were not going to engage in debate
             right now about it and like I say, we'll take this into
             consideration.

J.M Beeson:  Thank you.

79. The prior Chimney Hill preliminary plat applications clearly show a pattern of capricious and
arbitrary behavior in terms of denying preliminary plats with no attempt to provide actual
evidence that the projects would fail to fall within the Comprehensive Plan or the Anderson
County Code regulations.

## GROUNDS FOR APPEAL

23

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

80.     Defendant Commission's decision to deny the Copper Hills preliminary plat application

should be reversed because it is an abuse of discretion, commits clear errors of law, was done

without any supporting evidence, and/or is contrary to both South Carolina and federal law and is

not supported by evidence in the ways described infra and as follows:

a.) Defendant Anderson County Planning Commission committed an error of law, acted in a capricious and arbitrary manner, abused its discretion, and/or acted without any supporting evidence by denying the Copper Hill preliminary plat after forcing Plaintiffs to communicate through Anderson County Deputy Administrator Holt Hopkins instead of seeking the Defendant's staff's interpretation of the Anderson County Code in violation of S.C. Code § 30-4-50(A)(4) and (5), thereby preventing Plaintiffs to utilize communication channels readily available to the general public;

b.) In addition to and alternatively, Defendant Anderson County Planning Commission committed an error of law, acted in a capricious and arbitrary manner, abused its discretion, and/or acted without supporting evidence by denying the Copper Hill preliminary plat after forcing Plaintiffs to follow its Development Standards and Planning and Community Development Meeting Schedule, a policy in direct contradiction to ACC § 38-311(a), thereby making it impossible for Plaintiffs to comply with Anderson County Code § 38-311(a) which requires two copies of the complete preliminary plat to be turned in to the Defendant at least 14 working days, but not greater than 20 days, prior to any planning commission meeting at which the subdivider would like the plat to be discussed;

c.) In addition to and alternatively, Defendant Anderson County Planning Commission committed an error of law, acted in a capricious and arbitrary manner, abused its discretion, and/or acted without evidence by denying the Copper Hill preliminary plat after repeatedly, willfully and wantonly violating S.C. Code § 6-29-1150(A) requiring Defendant to act within 60 days from the date of the Plaintiffs' preliminary plat application with either an approval or denial of the aforementioned preliminary plat applications;

d.) In addition to and alternatively, Defendant Anderson County Planning Commission committed an error of law, acted in a capricious and arbitrary manner, abused its discretion, and/or acted without evidence by denying the Copper Hill preliminary plat after virtually ignoring the staff's recommendation that the Copper Hill and previous projects be approved, denying said projects, unreasonably and without evidence, and then manipulating the transcript of the meeting minutes to make it appear as if the motion to deny Copper Hill was made in accordance with the recommendation of the staff;

e.) In addition to and alternatively, Defendant Anderson County Planning Commission committed an error of law, acted in a capricious and arbitrary manner, abused its discretion, and/or acted without evidence by denying the Copper Hill preliminary plat by enacting, following, and applying ACC § 38-410 which is a vague, overbroad,

24

indecipherable, due process-violating statute. Defendant used this ground on which to base its denial without citing any evidence to support their decision;

f.) In addition to and alternatively, Defendant Anderson County Planning Commission committed an error of law, acted in a capricious and arbitrary manner, abused its discretion, and/or acted without evidence by denying the Copper Hill preliminary plat by violating S.C. Code § 6-29-540, specifically by failing to transmit findings and the particulars of the nonconformity to the Plaintiffs as the entity proposing the facility once making a determination contradicting its staff recommendations that the Plaintiffs' Copper Hill preliminary plat fully complied with the 2016 Anderson County Comprehensive Plan;

g.) Defendant's actions as alleged herein and above were arbitrary and capricious, and/or constituted an abuse of discretion in that Plaintiffs fully complied with all regulatory requirements for the approval of Plaintiffs' application for the aforementioned Copper Hill preliminary plat. Plaintiffs had in each attempt a legitimate claim of entitlement to approval based on the 2016 Anderson County Comprehensive Plan, well-established case law and statutory law in our state;

h.) The Defendant acted in bad faith or so capriciously and arbitrarily that their actions were without adequate determining principle and/or were unreasoned;

81. As a direct result of Defendant's wrongful actions, Plaintiffs incur, and continue to incur,

substantial expenditures well in excess of $20,000,000.00 in lost profits, costs and expenses, and

further damages to be proven in the trial of this case or in an ancillary action against additional

Defendants, the right of which Plaintiffs reserve to bring against other and additional culpable

parties regarding the events described herein.

82. Based on the actions of the Defendant as alleged above, being arbitrary and capricious and

an abuse of discretion, the Plaintiffs are entitled to recover damages from Defendant as more

fully developed at trial of these proceedings.

## FOR A FIRST CAUSE OF ACTION
(Substantive and Procedural Due Process Violations)

83. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs

as fully alleged herein.

25

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

84.    In South Carolina, property owners such as Plaintiffs have a right to make any lawful use of their land as they see fit.

85.    By the Defendant's actions referenced above, as well as other culpable parties not yet named, have committed acts and omissions that have failed to clearly place the Plaintiffs on notice as to what standards are reasonably applicable to a developer concerning following ACC § 38-410 and other laws, statutes, and policies in conflict with the South Carolina and federal law.

86.    The basis of the Defendant's decision to deny the Plaintiffs' Copper Hill and previous preliminary plat applications is so fraught with uncertainty, vagueness or indefiniteness of its limits as to be unenforceable as a matter of procedural due process under our Federal and State Constitutions. Said failure to provide a uniform rule of action leaves the Plaintiffs subject to unguided and unbridled discretion of the Defendant, which did in fact exercise its power so as to improperly give exclusive privileges to others, and in a manner that is arbitrary, oppressive and attended with manifest abuse of authority.

87.    Plaintiffs had a clear claim of entitlement by following all applicable and lawful statutes, rules, and regulations, and the Defendant lacked discretion to deny the Plaintiffs approval of the preliminary plats described herein.

88.    Defendant applied against Plaintiffs vague, over-reaching county code sections, including but not limited to ACC § 38-410 with no legal or rational basis or justification, depriving Plaintiffs of their property rights without due process as set forth in the 14th Amendment to the United States Constitution.

89.    The actions of Defendant were clearly arbitrary and unreasonable, with no substantial relationship to a legitimate government purpose, including that the action taken was

26

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

unambiguously outside delegated authority from the State as established by statutes including but not limited to S.C. Code §§ 6-29-310 through 6-29-1630, as well as longstanding case law.

90.    The language in ACC § 38-410 is unconstitutional on its face and as applied in this case and the Plaintiffs have been substantially harmed or injured by said ordinance provision.

91.    As a result of the above alleged constitutional violations, the Plaintiffs is entitled to have and recover from the Defendant damages as determined by a jury at trial.

## FOR A SECOND CAUSE OF ACTION
(Equal Protection for Illegal Discrimination)

92.    Plaintiff incorporates by reference all facts, inferences, and allegations contained in the preceding paragraphs and fully re-alleges herein.

93.    Upon information and belief, the Defendant administered their authority against Plaintiffs in a discriminatory and arbitrary fashion and with an unequal hand in that (i) the Defendant is tasked with impartially applying the planning commission regulations, comprehensive plan, and (ii) the Defendant has approved preliminary plats for applicants of similarly situated developments; and (iii) on the record, the Defendant made no factual determinations of any grounds to actually deny the Copper Hill plat and previous plats, and (iv) the Defendant weighed, if any, inappropriate factors and applied an arbitrary and capricious standard. 94. As a result, Plaintiffs have been treated differently from other similarly situated as the result of intentional and purposeful discrimination and there is no rational basis for the difference in treatment.

95. Plaintiffs are further informed and do believe that Defendant's actions have been prompted by improper motives and purposes.

96. As a result of Defendant's actions described above, Plaintiffs have been deprived of the equal protection of the laws in violation of the 14th Amendment to the United States Constitution as

27

well as the South Carolina Constitution, entitling plaintiffs to recover from Defendant damages with interest to be determined by a jury at trial.

## FOR A THIRD CAUSE OF ACTION
(Regulatory Taking)

97. Plaintiff incorporates by reference the allegations, facts, and inferences contained in the preceding paragraphs.

98. Plaintiffs had a distinct, reasonable expectation in the form of ownership of the Barr Circle land and the ability to develop said land through expected approval after complying with all lawful regulations, rules and statutes enacted by Defendant.

99. As a result of the Defendant's denial of the Copper Hill preliminary plat was well as several denials preceding the Copper Hill denial pertaining to the same land, the Plaintiffs' property interests were taken or deprived, entitling Plaintiffs to just compensation for what was lost under the Fifth and Fourteenth Amendments to the United States Constitution.

## FOR A FOURTH CAUSE OF ACTION
(42 U.S.C. § 1983)

100. Plaintiff incorporates by reference the allegations, facts, and inferences contained in the preceding paragraphs.

101. Based on the actions of the Defendant as alleged above, Plaintiffs have been deprived of their rights, privileges, and immunities secured by the Constitution and law, entitling Plaintiffs to relief under 42 U.S.C. § 1983.

102. Accordingly, Plaintiffs are entitled to recover their damages, including but not limited to attorney fees pursuant to 42 U.S.C. § 1988, in an amount to be determined at trial.

## FOR A FIFTH CAUSE OF ACTION
(South Carolina Tort Claims Act S.C. Code § 15-78-10)

28

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

103.    Plaintiff re-alleges and reiterates every allegation of the preceding paragraphs, as fully as

if repeated herein verbatim.

104.    The Defendant above-named departed from the duties of care required by planning

commission members and employees and were thereby negligent, grossly negligent, careless,

reckless, willful, wanton, and acted with malice, any or all of which were departures from the

prevailing duties of care:

> a.) By recklessly willfully, wantonly, and with malice denying the Plaintiff's
> preliminary plat applications due to corruption and personal animus towards
> Plaintiff J.M. Beeson and J.A.C. Beeson;
>
> b.) By recklessly, willfully, wantonly, and with malice ignoring the standards of
> professionalism, conduct, and reputation required of officials and employees
> serving the public interest by repeatedly denying the Plaintiffs' preliminary plat
> applications with reckless disregard for the duties, and responsibilities of the
> office of which they are charged;
>
> c.) By recklessly, willfully, wantonly, and with malice ignoring the education
> requirements and prerequisites of planning commissioners as strictly required by
> law;
>
> d.) By willfully, wantonly, recklessly, and with malice making statements about
> the Plaintiffs and their respective preliminary plat applications and/or prospective
> projects, either knowing that the statements were false, or making said statements
> with reckless disregard for the truth;
>
> e.) In failing to use even slight care, and with willful, wanton, and reckless
> abandon, said members of the Defendant's commission made no effort to place
> proper and adequate policies, procedures, protocols, and safeguards to prevent,
> mitigate, and/or stop public corruption within its office, and if such policies were
> in place, in failing to use even slight care, and with willful, wanton, and reckless
> abandon, failing to enforce said polices and procedures;
>
> f.) In failing to use even slight care, by willfully and wantonly violating S.C. Code
> § 6-29-1150(A) requiring Defendant to act within 60 days from the date of the
> Plaintiffs' preliminary plat application with either an approval or denial of the
> aforementioned preliminary plat applications;
>
> g.) In further ways as develop in the discovery and trial of this case and appeal.

29

105. That as a direct and proximate result of the negligence, gross negligence, recklessness, willfulness, wantonness, and with malice, departures from the slight duties of care owed by the above-referenced Defendant to the public in this cause of action, Plaintiffs suffered harms and losses including but not limited to lost profits, and additional damages to be determined by a jury at the trial of this case.

## REQUEST FOR PRE-LITIGATION MEDIATION

106. Plaintiff hereby restates all allegations contained in the preceding paragraphs as if fully set forth herein.

107. S.C. Code Ann. § 6-29-1150 and Citizens for Quality Rural Living, Inc. v. Greenville County Planning Commission and RMDC, Inc. 2019 S.C. App. LEXIS 23, 2019 WL 946385, provide Petitioners the right to appeal a decision of the Planning Commission and request for pre-litigation mediation.

108.    The Planning Commission's denial of Plaintiff's Preliminary Plat constitutes a decision of the Planning Commission as contemplated by § 6-29-1150.

109.    Plaintiff hereby requests pre-litigation mediation in accordance with the provisions of S.C. Code Ann. § 6-29-1155.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs pray for the following:

a.    That the Court issue an order reversing the June 9, 2020 decision of the Anderson County Planning Commission and approving the Plaintiff's preliminary plat.

b.    For an order prohibiting the Planning Commission from further unlawful interference;

c.    That the Plaintiffs be awarded damages against the Defendant in an amount to be determined in the discovery and trial of this case and consistent with the causes of action levied herein.

30

d.     That the Court order the parties to conduct pre-litigation mediation in accordance with S.C.

Code Ann. § 6-29-1155;

e.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,
CLEKIS LAW FIRM, P.A.

s/*John T. Gentry, III*
John T. Gentry, III, Esq.
S.C. Bar No. 101527
Post Office Box 1867 (29402)
171 Church Street, Suite 160
Charleston, SC 29401
T* 843.720.3737
F* 843.577.0460
john@clekis.com

**ATTORNEY FOR PLAINTIFFS**

July 16, 2020.

31

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

# EXHIBIT A



**ANDERSON COUNTY DEVELOPMENT STANDARDS**

BLDC28868W      4/02/2020                                    202000802

RECEIVED FROM:
                RIDGEWATER ENGINEERING

TYP OF PAYMENT:
                CHECK#        0714

TOWNES AT COPPER HILL

PRELIMINARY PLAT                                            1,270.00

                            TOTAL RECEIPT:                  1,270.00

                                                           TLCARTEE

32

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

**EXHIBIT B**

33

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345



**ANDERSON COUNTY**
SOUTH CAROLINA

### DEVELOPMENT STANDARDS AND
### PLANNING & COMMUNITY DEVELOPMENT
### MEETING SCHEDULE
## 2020

**Due to the necessity of running advertisements and placing signs, below are strict deadlines for application submission. If an application does not meet the required deadline, the application will still be accepted and be heard at the next month's meeting.**

| DEADLINE FOR SUBDIVISION, VARIANCE, SPECIAL EXCEPTIONS, & LAND USE APPLICATIONS CONTACT DEVELOPMENT STANDARDS AT 864.260.4719 APPLICATIONS DUE BY 3 PM | LEGAL AD SUBMITTAL DATES FOR THE INDEPENDENT MAIL SEND BEFORE 12 PM | AD PUBLISHED, SIGNS PLACED, AND POST CARDS SENT OUT FOR RESIDENTS WITHIN 1000 FEET OF SPECIAL EXCEPTIONS AND ZONED VARIANCES | DEADLINE FOR REZONING APPLICATIONS CONTACT PLANNING & COMMUNITY DEVELOPMENT AT 864.260.4720 [submittal-deadlines-2020.pdf] |
|---|---|---|---|
| December 5, 2019 | December 19, 2019 | December 19, 2019 | |
| January 2, 2020 | January 23, 2020 | January 27, 2020 | |
| February 3, 2020 | February 20, 2020 | February 24, 2020 | |
| March 2, 2020 | March 23, 2020 | March 25, 2020 | |
| April 1, 2020 | April 23, 2020 | April 27, 2020 | |
| May 1, 2020 | May 20, 2020 | May 22, 2020 | |
| June 1, 2020 | June 22, 2020 | June 24, 2020 | |
| July 1, 2020 | July 23, 2020 | July 27, 2020 | |
| August 3, 2020 | August 20, 2020 | August 24, 2020 | |
| September 1, 2020 | September 21, 2020 | September 23, 2020 | |
| October 1, 2020 | October 22, 2020 | October 26, 2020 | |
| November 2, 2020 | November 19, 2020 | November 23, 2020 | |
| December 1, 2020 | December 21, 2020 | December 23, 2020 | |

| PLANNING COMMISSION MEETING DATES | LAND USE & ZONING BOARD OF APPEALS MEETING DATES |
|---|---|
| January 14, 2020 | January 9, 2020 |
| February 11, 2020 | February 13, 2020 |
| March 10, 2020 | March 12, 2020 |
| April 14, 2020 | April 9, 2020 |
| May 12, 2020 | May 14, 2020 |
| June 9, 2020 | June 11, 2020 |
| July 14, 2020 | July 9, 2020 |
| August 11, 2020 | August 13, 2020 |
| September 8, 2020 | September 10, 2020 |
| October 13, 2020 | October 8, 2020 |
| November 10, 2020 | November 12, 2020 |
| December 8, 2020 | December 10, 2020 |
| January 12, 2021 | January 14, 2021 |

**Planning Commission Meetings are held on the Second Tuesday of each month at 6:00 PM at the Anderson County Historic Courthouse on the Second Floor 101 South Main Street Anderson, South Carolina**

**Land Use & Zoning Board of Appeals Meetings are held on the Second Thursday of each month at 5:15 PM at the Anderson County Historic Courthouse on the Second Floor, 101 South Main Street Anderson, South Carolina**

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

**EXHIBIT C**

35

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

**Anderson County Planning Commission**
**Tuesday, June 9, 2020**
**6:30 PM**
**Civic Center**
**3027 Martin Luther King Jr Blvd.**
**Anderson, South Carolina**

#### Minutes

*In accordance with the South Carolina Freedom of Information Act, Section 30-4-10 et seq., South Carolina Code, 1976, as amended and the Anderson County Ordinance #386, as adopted on September 21, 1993, the media was duly notified of the date, time, and place of the meeting.*

Members Present: Brad Burdette, Debbie Chapman, David Cothran, Jane Jones, and Will Moore

Members Absent: Ed Dutton and Lonnie Murray

Staff Present: Alesia Hunter, Tim Cartee, Rhonda Sloan, Brittany McAbee, and Stefine Chastain

Call to Order: Chairman Cothran called the meeting to order, with a quorum present to conduct the meeting and welcomed all present to the meeting.

Approval of Agenda: Chairman Cothran called for any changes to the agenda. Hearing none, the agenda was unanimously approved, by a motion from Mrs. Jones and a second by Mr. Moore.

Approval of Minutes: Chairman Cothran called for any changes to the minutes from the March 10, 2020 regular Commission meeting. Hearing none, the minutes were approved 5-0, with a motion by Mrs. Jones and a second by Ms. Chapman.

Public Hearings:

**Request to rezone +/-29.01 acres, located at Highway 81 N from C-1 (Neighborhood Commercial) to PD (Planned Development)**

Mrs. Rhonda Sloan presented the request for rezoning and staff recommendation. The applicant is requesting a change from C-1 to PD to develop a mixed-use project. The proposed project would include four commercial pad sites, senior living and/or storage facility, and blended multifamily units with greenspace and nature trails. Staff recommended approval of the request. The evaluation and recommendation were listed in the packet. Chairman Cothran opened the public hearing and invited comments. There were seven people that were opposed and came forward. The seven were Catherin Hamby, Frank Farray, Mark Rexrode, Joel Gray, Chad Bryce, Nick Bremchuk, and Ken Brunel. Their overall concerns included traffic, space, stormwater, privacy, property value, and zoning. Right after Mr. Brunel spoke, a woman from the public announced she had a petition with 218 signatures with others that were opposed to the project. Throughout the public hearing, there were some people that spoke for and one man was neutral. Those in favor of the project were Ben Chase, the representative, and Mike Elliott, the originator of the project. Mr. Dan McKinney was neutral. Throughout the hearing, the public complained about not being able to hear those that went up to speak and that those for the request do not live in the community to know what is best. Chairman Cothran asked for all of those opposed to

3

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

stand and followed with those that were for the request. The number of opposed outnumbered those for. Mrs. Jones made a motion to deny staff's recommendation of approval; and Ms. Chapman seconded the motion. The motion was denied unanimously, 5-0 by a show of hands.

### Request to rezone +/-19.00 acres, located at Welpine Road from C-2 (Highway Commercial) and R-M (Multifamily Residential)

Mrs. Rhonda Sloan presented the request for rezoning and staff recommendation. The applicant is requesting a change from C-2 to R-M to develop a multifamily development. Staff recommended approval of the request. The evaluation and recommendation were listed in the packet. Chairman Cothran opened the public hearing and invited comments. Robin Wilson and Trisha Lynch came forward and stated their opposition to the proposed project. Reasons for their opposition included traffic, property value, danger, and a lack of man-power. Alex Dmyterko and Sean Schweiker came forward to address the concerns of those opposed. Hearing no further comments, Chairman Cothran closed the public hearing. Chairman Cothran made a motion to approve the request as presented by the staff. Mr. Moore seconded the motion. The motion was approved 3-2, with Ms. Chapman and Mrs. Jones opposing.

### Request to rezone +/-141.83 acres, located at Highway 187 from R-20 (Single-Family Residential) to PD (Planned Development)

Mrs. Rhonda Sloan presented the request for rezoning and staff recommendation. The applicant is requesting a change from R-20 to PD to develop a mixed-used development consisting of single-family detached, single-family attached, and commercial/non-residential uses. Staff recommended approval of the request to change the zoning classification from R-20 to PD because the property is in a suitable location for such transition and the availability of sewer. Chairman Cothran opened the public hearing and invited comments. Twenty members of the public approached and stated their opposition to the proposed request. Reasons included traffic, road conditions, change in character, location, environmental impacts exhaustion to the school system, negatively impact the seniors living in the community, and the fear of crime. There was one-member present that was neutral of the project and one for it, which was the developer of the request. After those opposed expressed their concerns, the developer, came forward and addressed the public's concerns. Hearing no further comments, the public hearing was closed. Mrs. Jones made a motion to deny the request that the staff presented. Ms. Chapman seconded the motion. The motion was denied unanimously, 5-0 by a show of hands.

### Request to rezone +/-141.81 acres, located at Liberty Highway from I-2 (Industrial Park) to R-8 (Single-Family Residential)

Mrs. Rhonda Sloan presented the request for rezoning and staff recommendation. The applicant is requesting a change from I-2 to R-8 to develop a single family detached residential area. Staff recommended approval of the request based on new data pertaining to the topography and environmental constraints of the property. Chairman Cothran opened the public hearing and invited comments. Chairman Cothran instructed Mr. Nelson to briefly present more information pertaining to the land and zoning. There was one member of the public opposed to the request, Kris Yon. She informed the Board why the zoning was originally chosen, expressed her concerns about the area being non-compatible with the surrounding areas, and labeled the area as high density with bad traffic. There were two members of the public that were in favor of the request, Paul Harrison and Jimmy Bayne. Hearing no further comments, the public hearing was closed. There was some discussion between Mrs. Jones, Chairman Cothran, and the engineer, Mr. Paul Harrison. The highlights of the discussion included reasons why such zoning change and if the

4

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

property is indeed suitable to conduct the project. A motion was made by Mr. Burdette. The request was seconded by Chairman Cothran. The motion was denied, 3-2 by a show of hands.

### Land Use Review Hearing Request- Beacon Outreach Ministries, located at 404 & 410 Oakwood Road, Townville

Mr. Tim Cartee presented the Land Use Review Hearing for the Beacon Outreach Ministries proposed project. The applicant's request is to use the property as a Camp and Retreat Center that will provide the following: rental space for camping, church activities, gospel singings, sports camp, at risk youth programs, weddings, and family reunions. Staff listed all of the must haves and recommended approval of the request. Chairman Cothran opened the public hearing and invited comments. No one came forward. Chairman Cothran closed the public hearing. Ms. Chapman made a motion to approve the request as presented by the staff. The request was seconded by Mrs. Jones. The request was unanimously approved, 5-0 by a show of hands.

### Land Use Review Hearing Request- RV Park, located at 1300 Highway 29 South, Anderson

Mr. Tim Cartee presented the Preliminary Subdivision report for the RV Park project. The applicant's request is to change the layout due to the Homeland Park sewer line design and topography issues. Staff recommended approval of the request due to the fact that the Planning Commission Board previously approved the original request November 12, 2019. Seven members of the public approached and stated their opposition to the proposed request. Reasons for their opposition included no notification of the first meeting in November, the size of the project, the amount of money it would take, traffic, negatively change the character of the area, location, increased stress for current residents, and higher crime rate. The representative of the project, Michael Short, came forward and addressed the concerns that the public had. Hearing no further comments, the public hearing was closed. Mrs. Jones wanted clarification on what exactly the Board Members would have to vote on. Staff replied, "you will be voting on the change to their plans." Mrs. Jones made a motion to approve the request as presented by the staff. No one seconded the motion. Chairman Cothran then made a motion to deny the request. Mr. Moore seconded the request. The request was denied 4-1 by a show of hands. Those opposed to the request wanted the Board to give them more time to see if there was anything that they could do to appeal the approval made on November 12, 2019. The Board did not know what or if anything could be done, but Chairman Cothran made a motion for County Council to review for reconsideration. Mr. Moore seconded it. The motion was unanimously approved 5-0 by a show of hands.

### Application of Appeal- Emily O'Brian on behalf of David Sutherland, location 3824 Dobbins Bridge Road, Anderson

Mrs. Alesia Hunter informed the Board that attorney, Mr. Hodge, and representative, Emily O'Brian were present to give a presentation. Ms. Emily O'Brian came forward to give reasons why her client, Mr. David Sutherland, should be able to develop on his property. A couple of reasons was that none of the homes that they would build would exceed 50 feet in height and that there are similar developments in the surrounding area. Ms. O'Brian shared the information that she and her client received from SCAC. She stated that SCAC would not allow them to move forward without permission from the Planning Commission because it was ordinance related and not SCAC. After Ms. O'Brian completed her presentation, Mrs. Jones stated that an attorney should handle this matter. Mr. Hodge came forward shortly after and elaborated on the property being in an "airport zone" that has height limitations and that the design is incompatible.

5

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

Chairman Cothran opened the public hearing. Mr. David Sutherland came forward and reiterated some of the highlights that his representative previously presented and added his view on the amount of business that the airport received. Mr. Byron Thompson came forward and insisted that the decision was left up to Anderson County and that the SCAC only utilized computer software to come to their conclusion. Chairman Cothran closed the public hearing and left the floor open for the Board and Staff to discuss. Chairman Cothran asked staff, "Has Mr. Leon had any input on this matter?" Mrs. Alesia Hunter responded with, "Leon has been made aware, but the land use is incompatible." Mrs. Jones made a motion to uphold staff recommendations of denying the proposed development. Ms. Chapman seconded the motion. The application of appeal was unanimously denied 5-0 by a show of hands.

**Old Business:** None

**New Business:**

**Preliminary Subdivision: Woodglen**

Me. Tim Cartee presented the request for Woodglen and staff's recommendation. Woodglen was previously denied February 11, 2020. The applicant has resubmitted with the existing development being approved for 186 lots July 9, 2019. The proposed development would be located on +/-226.61 acres on Hwy 86 and Blossom Branch Road and utilize Greenville Water and ReWa sewer services. Mr. Cartee informed the Board of the conditions and requirements that the applicant would have to follow and stated that staff's recommendation was for approval. Chairman Cothran asked if there were any questions that the Commissioners had in reference to the staff report. No one had any questions. Chairman Cothran informed the public that this portion of the agenda is not a public hearing, and that it is only for public comments. He also stated that each member from the public would have a time limit of three minutes to speak. There were six members of the public that came forward to give their opposition to the request. Reasons for their opposition included the following: not being able to control growth, overwhelming the school system, overwhelming the teachers, overwhelming the fire department/police department, traffic, bad road conditions, flooding from run off, and the need for economic growth. During the public comments, Mrs. Jones interjected by giving the number of homes that the Board would be voting on, which was a total of 1,034 houses. There were three members of the public that were in favor of the proposed development. Their reasons for being in favor of the request included: the design of entrances was improved, all of the recommendations were taken into consideration, brings in money from taxes, family land, and not an immediate project. Chairman Cothran closed the public comments. Mrs. Jones asked the engineer about the changes that were being made. The engineer informed her that the change was to add the additional driveway and follow what SCDOT would require. Mrs. Jones responding back with, "The reason for the first denial was because there was too much too fast." Mrs. Jones made a motion to deny the request and Mr. Moore seconded it. The request was approved with the vote being 3 in favor and 2 against, with Chairman Cothran breaking the tie and voting against the denial.

**Preliminary Subdivision: Townehomes at Copper Hill**

Tim Cartee presented the staff report for Townehomes at Copper Hill and stated that staff's recommendation was for approval. Before concluding, he also informed the Board of the conditions and requirements. Chairman Cothran opened the floor for public comments. There were seven members from the public that were opposed to the request. Reasons for their opposition included the following: dangerous road conditions, overwhelming the school system,

6

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

overwhelming the first responders, drugs, and traffic. There were a few members from the public that were in favor of the request that came forward. Reasons they gave included: better service, less taxes, growth, the plan is comprehensive, and that the requested use is the best use of the land. Chairman Cothran closed the public comments. Mrs. Jones made a motion to deny the request as recommended by staff. Ms. Chapman seconded it. The request was denied 4-1 by a show of hands.

**Preliminary Subdivision: Glen Gate**

Brittany McAbee presented the staff report for Glen Gate and stated that staff's recommendation was for approval. She listed the conditions and requirements I the applicant would have to abide by if approved by the Board. Chairman Cothran opened the floor for public comments. Members that were opposed to the Townehomes at Copper Hill stated that their reasons for opposition were the same for this request. There was one member from the public that was in favor of the request. This member's main reason for the request is that it would put money into the system. Mrs. Jones and Chairman asked about the road safety and improvements that the applicant plans to make. Chairman Cothran then proceeded by closing the public comments. He asked if the Board had any questions. No one spoke. Mrs. Jones made a motion to deny the request as present by the staff. Mr. Moore seconded the motion. The request was denied 4-1 by a show of hands.

<u>Other Business:</u>

Chairman Cothran called for any other business. Hearing no further business, Chairman Cothran adjourned the meeting at 12:31 AM.

Respectfully Submitted,

Stefine Chastain, Permit Specialist

Note: These minutes are in draft form and have not yet been reviewed nor approved by the Anderson County Planning Commission.

7

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345

**EXHIBIT D**

41

ELECTRONICALLY FILED - 2020 Jul 16 1:22 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0401345



# DEVELOPMENT
# STANDARDS

June 16, 2020

**Beeson Development, LLC**
**Joey Beeson**
114 Dominick Ct.
Greenville, SC 29605

### Re: Townes at Copper Hill Subdivision

Dear Mr. Beeson:

The Anderson County Planning Commission voted on June 9, 2020 to deny Townes at Copper Hill preliminary plat for the following reasons:

- ➤ Concerns for the public health, safety, convenience, prosperity, and the general welfare
- ➤ Concerns for the balance of the interests of subdividers, homeowners, and the public
- ➤ Concerns for the ability of existing or planned infrastructure and transportation systems to serve the proposed development

Sincerely,

Tim Cartee
Subdivision Administrator
Development Standards

**PUBLIC WORKS DIVISION**
**Tim Cartee | Subdivision Administrator**
O: 864-260-4719 | F: 864-260-4795 | tcartee@andersoncountysc.org
Development Standards
401 E River Street, Anderson SC 29624

www.andersoncountysc.org

42